NO.
12-09-00351-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CYNTHIA
GAIL SHEPARD,                           §                 APPEAL FROM THE 173RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 HENDERSON
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

Cynthia
Gail Shepard appeals her conviction for indecency with a child.  Appellant’s counsel has filed a brief
asserting compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.  

 

Background

A
Henderson County grand jury returned an indictment against Appellant alleging
in two counts that she committed the felony offense of indecency with a child.[1]
  Appellant pleaded
guilty to the first count, a second degree felony, and the State agreed to
abandon the second count.[2]  

Appellant
elected to have a jury assess her sentence.  After a trial, the jury found her
guilty and assessed punishment at imprisonment for fifteen years.  This appeal
followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s brief
presents a thorough chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.[3]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record.  We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408B09 (“After the completion of
these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 









[1] See Tex. Penal Code Ann. § 21.11 (Vernon
Supp. 2011).

 





[2] In the first
count, the grand jury alleged that Appellant committed indecency with a child
by engaging in sexual contact with the child.  See id. §
21.11(a)(1).  

 





[3] Counsel
for Appellant states in his motion to withdraw that he provided Appellant with
a copy of this brief. Appellant was given time to file her own brief in this
cause. The time for filing such a brief has expired, and we have received no
pro se brief.